UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CLIFFORD RAY BETHEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:05CV00046 ERW |
| ) | |
| KELLY LOVEKAMP, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Clifford Ray Bethel for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Also before the Court is plaintiff's motion for appointment of counsel [Doc. #3]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks relief against defendants Kelly Lovekamp and Howard Hickman - both attorneys in private practice in Kirksville, Missouri. Liberally construing the complaint, plaintiff retained defendant Lovekamp to bring an action against William Stoukas - who was represented by defendant Hickman. Plaintiff asserts that defendant Lovekamp committed legal malpractice and breach of contract by failing to file the action against Stoukas within the statute of limitations period. Plaintiff asserts that this instant action is "filed under Title 18 U.S.C. Section 241."

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Title 18 U.S.C. § 241 makes it a federal criminal offense for persons to conspire to deprive a person of civil rights. Private citizens do not have any right to prosecute federal crimes. Connecticut Action Now, Inc. v. Roberts Plating Company, Inc., 457 F.2d 81, 86 (2d Cir. 1972). Federal crimes are prosecuted by the United States Attorney. "It is well settled that initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion." Ray v. United States Dep't of Justice, 508 F. Supp. 724, 725 (E.D. Mo. 1981). Because plaintiff and both defendants appear to be citizens of the State of Missouri, plaintiff has failed to establish that the Court has jurisdiction over his claims pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which

relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 30th Day of August, 2005.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**